UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Strike 3 Holdings, LLC,

           Plaintiff,         Case No. 23-cv-10882

v.                                 Judith E. Levy
                                 United States District Judge
John Doe subscriber assigned IP
Address 107.5.21.100,        Mag. Judge Elizabeth A. Stafford

           Defendant.

_____/

## ORDER GRANTING LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [4]

Plaintiff Strike 3 Holdings, LLC brings this copyright infringement action against Defendant John Doe, an internet subscriber assigned IP address 107.5.21.100. (ECF No. 1.) Plaintiff alleges that Defendant downloaded and distributed Plaintiff's copyrighted works on the BitTorrent network in violation of 17 U.S.C. § 106. Plaintiff further alleges that it does not know Defendant's identity beyond the IP address, which Plaintiff discovered through IP address geolocation technology.

This matter is now before the Court on Plaintiff's motion for leave to serve a subpoena on third-party Comcast Cable, Defendant's internet

service provider. (ECF No. 4.) Plaintiff argues that it should be permitted to issue a Rule 45 subpoena prior to a Rule 26(f) conference because it cannot determine Defendant's identity and proceed with this copyright infringement lawsuit absent such a subpoena. *See* Fed. R. Civ. P. 26(f), 45.

Rule 26 authorizes parties to engage in discovery only after the parties have met and conferred, but a district court may, in its discretion, order discovery prior to the 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). It is not uncommon for discovery, such as the subpoena requested here, to be authorized prior to the 26(f) conference in copyright infringement cases. *See Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010); *Strike 3 Holdings, LLC v. Doe*, No. 2:19-cv-11299, 2019 WL 2265171, at *1 (E.D. Mich. May 28, 2019). In such cases, the party alleging copyright infringement must demonstrate that it has "good cause" for early discovery. *Third Degree Films, Inc. v. Does 1-72*, No. 12-cv-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (citing *Arista Records, LLC*, 604 F.3d at 119). A plaintiff demonstrates good cause where "(1) [it] makes a prima facie showing of a copyright infringement claim; (2) [it] submits a specific discovery request; (3) the information sought is limited

in scope and not available through alternative means; (4) there is a central need for the subpoenaed information; and (5) there is a minimal expectation of privacy on the part of the defendant." *Malibu Media, LLC v. Doe*, No. 18-cv-10667, 2018 WL 1122012, at *1 (E.D. Mich. Mar. 1, 2018) (citing *Arista Records, LLC*, 604 F.3d at 119).

Here, Plaintiff has met each of the five elements. It has made out a prima facie case of copyright infringement by showing it owns a valid copyright and Defendant "copied constituent elements of the work that are original." *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 628 (6th Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). (*See also* ECF No. 1, PageID.7–9.) Plaintiff's discovery request is specific and limited in scope, as it wishes to issue a subpoena to Comcast Cable for the specific and limited purpose of determining the subscriber to whom the infringing IP address was issued. The information sought regarding Defendant's identity is necessary for the case to proceed and for Plaintiff to prosecute its claim. Last, though Defendant has an interest in privacy and anonymity in his or her actions online, such an interest is not a "license for copyright infringement."

3

Case 5:23-cv-10882-JEL-EAS ECF No. 6, PageID.72 Filed 04/28/23 Page 4 of 5

*Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *4 (E.D. Mich. July 31, 2013) (quoting *Arista Records, LLC*, 604 F.3d at 118).

Accordingly, Plaintiff's motion is granted on the following terms:

1. Plaintiff may issue a subpoena to Comcast Cable but may only use the information obtained for the limited purpose of enforcing its rights under 17 U.S.C. § 106.

2. The subpoena may only seek the full name and address of the subscriber with the IP address 107.5.21.100.

3. Plaintiff shall attach a copy of this order to the subpoena, and the subpoena shall instruct Comcast Cable to notify Defendant and provide a copy of the subpoena and this order to Defendant within seven days of service of the subpoena.

4. Defendant shall have thirty days from the date of notice to file any appropriate motion with the Court.

IT IS SO ORDERED.

Dated: April 28, 2023        s/Judith E. Levy
   Ann Arbor, Michigan        JUDITH E. LEVY
                                       United States District Judge

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
